MEMORANDUM **
Lucio Contrera-Palma, and his wife, Maria Lina Cortez-Helacio, both natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals’ (“BIA”) order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.
The BIA did not abuse its discretion in denying petitioners’ motion to reopen because they did not demonstrate prima facie eligibility for relief under the Convention Against Torture. See Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 869-70 (9th Cir.2003) (“prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen”).
Because petitioners’ evidence regarding educational hardship addressed the same hardship grounds previously considered by the agency in connection with the denial of cancellation of removal, we lack jurisdiction to review this aspect of the denial of the motion to reopen. See Fernandez v. Gonzales, 439 F.3d 592, 600-02 (9th Cir.2006). To the extent petitioners’ motion to reopen raised criminal violence as a new basis for hardship, we conclude the BIA acted within its broad discretion in determining the evidence was insufficient to warrant reopening. See id. at 601-02; Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA’s denial of a motion to reopen shall be reversed only if it is “arbitrary, irrational, or contrary to law.”).
We lack jurisdiction to review petitioners’ contention that they are members of a particular social group for purposes of establishing eligibility for asylum and withholding of removal, because this contention was not exhausted before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.